UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,

Plaintiffs,

vs.

BETH ISRAEL DEACONESS MEDICAL CENTER, INC., a Massachusetts corporation; HARVARD MEDICAL FACULTY PHYSICIANS AT BETH ISRAEL DEACONESS MEDICAL CENTER, INC., a Massachusetts corporation; BETH ISRAEL DEACONESS PHYSICIANS ORGANIZATION, INC., a Massachusetts corporation; CAREGROUP, INC., a Massachusetts corporation; BETH ISRAEL DEACONESS MEDICAL CENTER AND CHILDREN'S HOSPITAL MEDICAL CARE CORPORATION, a Massachusetts corporation; and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, a Massachusetts corporation,

Defendants.

Civil Action No.

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1. This case is an action for patent infringement of United States Patent No.

5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35

U.S.C. §§271 and 280 through 285.

## PARTIES

2. Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3. Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4. Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5. On information and belief, defendant Beth Israel Deaconess Medical Center, Inc. is a Massachusetts corporation with its principal place of business located at 330 Brookline Avenue, Boston, MA 02105.

6. On information and belief, defendant Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc. is a Massachusetts corporation with its principal place of business located at 375 Longwood Ave., 3rd Floor, Boston, MA 02215 which employs physicians who engage in actions that infringe the '360 Patent.

7. On information and belief, defendant Beth Israel Deaconess Physicians Organization, LLC is a Massachusetts limited liability company with its principal place of business located at 400 Blue Hill Drive, Suite 2B, Westwood, MA 02090 which employs physicians who engage in actions that infringe the '360 Patent.

8. On information and belief, defendant Caregroup, Inc. is a Massachusetts corporation with its principal place of business located at 109 Brookline Ave., Suite 300, Boston, MA 02215 which owns or directs activities at hospitals with MRI equipment including Beth Israel Deaconess Medical Center, Beth Israel Deaconess Hospital-Needham, Beth Israel

Deaconess Hospital-Milton, Mount Auburn Hospital and New England Baptist Hospital that infringe the '360 Patent.

9. On information and belief, defendant Beth Israel Deaconess Medical Center and Children's Hospital Medical Care Corporation is a Massachusetts corporation with its principal place of business located at 482 Bedford Street, Lexington, MA 02173.

10. On information and belief, defendant President and Fellows of Harvard College is a Massachusetts corporation with its principal place of business located at Massachusetts Hall, Cambridge, MA 02138. This corporation receives grants owns equipment and/or employs physicians and scientists who carry out data analysis and who operate MRI equipment in ways which infringe the '360 Patent. at Beth Israel Deaconess/Children's Hospital and other CareGroup, Inc hospitals.

11. Beth Israel Deaconess Medical Center, Inc, Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc., Beth Israel Deaconess Physicians Organization, LLC, Caregroup, Inc., Beth Israel Deaconess Medical Center and Children's Hospital Medical Care Corporation and President and Fellows of Harvard College are collectively referred to as "Defendants."  On information and belief, Defendants collectively work together to offer the infringing products and services, described below, at Beth Israel Deaconess Medical Center and other related or affiliated facilities.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

13. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

14. The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

15. Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

16. Washington Research Foundation ("WRF") holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

17. NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

## COUNT I
## PATENT INFRINGEMENT

18. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17 above, inclusive, as if fully repeated and restated herein.

19. Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of diffusion tensor imaging and diffusion anisotropy based tractography.  Thus, by making, using, importing, offering for sale, and/or selling such products

and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

20. To the extent that facts learned in discovery show that Defendants' infringement of the '360 Patent is or has been willful, Plaintiffs reserve the right to request such a finding at the time of trial.

21. As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22. Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. In addition to their actual damages, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have directly infringed the '360 Patent;

2. An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  July 11, 2012

Respectfully submitted,

PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., and IMAGE-BASED SURGICENTER CORPORATION
By their attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com